IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE            )
                             )
                             )
        v.                   )      I.D.   1212015998
                             )
                             )
JOSHUA C. STEPHENSON,        )
                             )
        Defendant.           )

## ORDER

1. This is a murder case in which Defendant is charged with shooting and killing Myron Ashley on Christmas Eve, 2012. The State contends the evidence will show that police were called to a home in Wilmington where they found the victim. He had been shot twice in the head by a .45 caliber weapon and was later pronounced dead at Christiana Hospital. Two .45 caliber shell casings were found in the living room and a .45 caliber handgun was found on a loveseat. Defendant's sister, who was the victim's girlfriend, was upstairs when she heard gunshots. She rushed downstairs and asked Defendant what he had done. Defendant punched her in the face and fled. Defendant was arrested the following day. DNA analysis showed blood found on Defendant's jacket to be that of the victim.

2. Defendant has filed a motion seeking to admit at trial evidence that the victim had been convicted in 2007 of possession of a firearm

during the commission of a felony. Defendant does not show why this evidence is relevant. Indeed his entire motion reads as follows:

1. At Defendant's specific request of June 14, 2014, the State supplied the criminal history of Myron Ashley which is not attached but may be provided;
2. Myron Ashley has a conviction for Possession of a Firearm During the Commission of a Felony in 2007. Mr. Ashley was on Level 4 home confinement for this conviction at the time of his death;
3. DNA evidence provided by the State indicates that Defendant and at least two other persons were DNA donors to the firearm used during the homicide in the instant case; and
4. The State is seeking to enter evidence about Defendant's prior ownership of a gun for which he has no conviction.

3. In the absence of any showing of relevancy, the court will deny Defendant's motion. The court notes in passing that a victim's prior conviction of a weapons offense may be admissible under certain circumstances to support Defendant's claim of self defense. In *Tice v. State*[1] the Supreme Court held that evidence of prior violent acts of the victim may be admissible to show self defense:

> Since one of the factors that influences the reasonable belief of a defendant, threatened with imminent assault, is the defendant's *knowledge or awareness* of the victim's past acts of violence, these instances are relevant for their proper noncharacter purpose. Subject to the satisfaction of the requirements articulated in *Getz* [*v. State*[2]] the defense was entitled to use this evidence under [Delaware Rules of Evidence] 404(b) to show the fear experienced by the defendant, and thus, establish the *subjective*

---

[1] 624 A.2d 399 (Del. 1993).
[2] 538 A.2d 726 (Del. 1988).

state of mind required to assert the claim of self-defense.[3]

4.  The court has some doubt whether the rule in *Tice* is broad enough to encompass the present case. Here the conviction was for possession of a firearm during the commission of a felony and the underlying felony was possession with intent to distribute. Because the prior conviction did not involve an act of physical violence, the court has difficulty seeing how it would be probative of the claim the defendant acted in self defense. The court need not decide the issue, however. A necessary predicate to the admissibility of a victim's prior conviction in a self defense case is that the defendant had actual knowledge of that conviction at the time he ostensibly acted in self defense.[4] Defendant does not allege in his motion that he was aware of the victim's prior conviction for possession of a firearm during the commission of a felony. Accordingly his motion is **DENIED.**

Dated: October 30, 2014

_____
John A. Parkins, Jr.
Superior Court Judge

oc:  Prothonotary

cc:  John W. Downs, Esquire, Department of Justice, Wilmington, Delaware
Kathryn van Amerongen, Office of the Public Defender, Wilmington, Delaware

---

[3]  *Id.* at 402. (emphasis in original).
[4]  *Wright v. State,* 25 A.3d 747, 754 (Del. 2011) ("[E]vidence of a victim's prior bad acts may be admissible to support a claim of self-defense where the defendant had actual knowledge of the victim's prior bad acts.")

3